Chief Justice William H. Erickson Supreme Court State Judicial Building 2 East 14th Avenue Denver, CO 80203
Dear Mr. Chief Justice:
I write in response to your request for my opinion about the investment of court registry funds in interest-bearing accounts.
QUESTION PRESENTED AND CONCLUSION
Is it lawful for the Judicial Department to earn interest for the state on funds held in the court registry?
 Yes. Funds in the hands of the state courts may lawfully be deposited in any authorized depository and may earn interest for the state unless retention of the interest by the state would amount to taking private property without due process of law.
ANALYSIS
In your request you indicate that the funds in the registry consist of fees and fines paid by litigants and defendants; restitution, garnishment, victim compensation, alimony, and support funds held until the checks clear and disbursement can be made to the recipients; and bonds, condemnation deposits, unclaimed funds, and other deposits. You also indicate that the courts provide every opportunity for parties to request that their funds be invested in special, interest-bearing accounts for the benefit of the recipient of the fund.
The deposit of public moneys in Colorado is governed by statute.See section 24-75-603, C.R.S. (1982); section 24-36-103, C.R.S. (1982); title 11, articles 10.5 and 47 (1983 Supp.). The term "public moneys" is broadly defined to mean "all moneys under the control of a governmental unit." Section 11-10.5-105, C.R.S. (1983 Supp.). "Governmental unit" means:
 (T)he state of Colorado, every county, city and county, municipality, school district, special district, and authority located in this state, every public body corporate created or established under the constitution or any law of this state, and every board, commission, department, institution, or agency of any of the foregoing which collects, receives, or has custody of or control over public moneys.
Section 11-10.5-103(8), C.R.S. (1983 Supp.).
The Judicial Department is a department of state government and a governmental unit as contemplated by the statutory scheme. All moneys under its control, whether they are being held only until transfer to the state treasury or for some other purpose, are public moneys and are therefore eligible for investment in interest-bearing accounts in any eligible public depository or in any account in which the entire amount of the deposit is federally insured. Section 24-75-603; 11-10.5-118; 11-47-118. However, some of the moneys received in the court registry which are of a trust or quasi-trust nature may be depositedonly upon application to the Division of Accounts and Control and upon written permission of the controller and the state treasurer. Section 24-36-103(2).
Implicit in the statutory scheme is the proposition that interest derived from the authorized deposit of public moneys is itself money accruing to the state unless its retention by the state would amount to taking the property of another. In the absence of such independent property right, the interest must be transmitted to the state treasury. See section24-36-103(1), C.R.S. (1982).
The United States Supreme Court has held unconstitutional a statute taking for the county the interest derived from interpleaded funds where the depositor had no choice but to deposit the funds with the court and a separate fee, consisting of a percentage of the funds, was collected by the court.Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155
(1980). Faced with these narrow circumstances and a usual and general rule of law that interest on an interpleaded or deposited fund follows the principle, the court found a "taking" in violation of the constitution. However, interest earned from a pool of individual deposits, each of which is either too small or held for too short a time to earn interest in its own right or to justify the costs of creating a separate account, is not the property of the individual depositors and its retention by the state is not a taking without due process of law. In theMatter of Interest On Lawyers' Trust Accounts, 672 P.2d 406
(Utah 1983); In re the Matter of Interest on Lawyers' TrustAccounts, 648 S.W.2d 480 (Ark. 1983); In the Matter ofthe Petition of the Minnesota State Bar Association,332 N.W.2d 151 (Minn. 1982); Petition of New Hampshire BarAssociation, 453 A.2d 1258 (N.H. 1982); In the Matterof Interest on Trust Accounts, 402 So.2d 389 (Fla. 1981). Retention by the state of interest earned on an account consisting of fees and fines, small and short-term deposits, and deposits which the owners are permitted upon request to have placed in special interest-bearing accounts is not a taking without due process of law.
SUMMARY
It is my opinion that the Judicial Department is statutorily permitted to earn interest for the state on moneys held in the court registries. The interest earned on such moneys shall be credited to the general fund in accordance with section 24-36-114, C.R.S. (1982).
Very truly yours,
 DUANE WOODARD Attorney General
COURTS PUBLIC FUNDS JUDICIAL DISTRICTS INTEREST STATE GOVERNMENT
Sections 11-10.5-103(8) and (12), C.R.S. (1983 Supp.) Section 11-10.5-118, C.R.S. (1983 Supp.) Section 24-36-103, C.R.S. (1982) Section 24-36-114, C.R.S. (1982) Section 24-75-603, C.R.S. (1982)
U.S. Const. amend. XIV
JUDICIAL DEPARTMENT
Court registry funds may lawfully be deposited in an authorized depository and may earn interest for the state.